IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRICE MANAGEMENT CONTROL CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-1359 |
| | : | |
| OWENS CORNING | : | (Bankruptcy Case No. 00-3837) |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                               July 28, 2005

        Price Management Control Corporation ("PMCC") appeals from the October 7, 2004 Order of the Bankruptcy Court granting summary judgment in favor of the Debtor, Owens Corning, on Claim No. 6923. The parties have briefed the matter, and I have determined that oral argument is not necessary.

        The claim stems from a contract entered into by Owens Corning and PMCC on October 23, 1998 that relates to services in connection with a program for hedging asphalt costs. As the Bankruptcy Court found, the contract is reasonable, well-stated, and clear. Paragraph 9 of the contract (which refers to Owens Corning as "OC") provides in relevant part that:

> OC may terminate this Agreement upon thirty (30) days prior written notice of intent to terminate delivered to PMCC, by certified or registered mail. PMCC may not terminate this Agreement prior to the scheduled termination date. Upon termination of this Agreement one of two situations will exist.
>
>     a)   There will be no hedges in place at the time of termination. Under this situation, OC will only owe PMCC the original fee of $22,500.00 and if that has been paid in full OC shall have no further obligation to PMCC.
>
>     b)   There will be hedges in place at the time of termination. Under this situation, OC and PMCC agree that an accounting of all open positions shall be accomplished. . . .

A. at B-6.   There is no dispute that Owens Corning sent written notice of termination.  There is no dispute that Owens Corning paid PMCC the original fee of $22,500.  There is no dispute that there were no hedges in place at the time of termination.  The contract requires nothing more of Owens Corning, and PMCC's argument that the agreement obligated Owens Corning to enter into hedging transactions (of an unknown number, for an unknown period of time, at an unknown cost) contravenes the contractual language and any reasonable business practice.  The language of the contract clearly indicates that PMCC anticipated it might receive no more than $22,500 ("OC will **only** owe the original fee"), and it cannot base a successful breach of contract claim on the argument that it wanted to receive more.  For the same reason, the unjust enrichment and joint venture claims must fail.  PMCC set the price for the work it performed, and was not entitled to additional compensation unless it performed additional work.  Owens Corning's termination of the contract obviated the need for additional work.

PMCC also contends that summary judgment should not have been granted on its fraud claim, which is based on the notion that Owens Corning "lured" PMCC into developing the hedging program at a reduced cost without disclosing facts that made it unlikely Owens Corning would engage in the transactions.  The Bankruptcy Court ruled correctly.  It does not matter why Owens Corning did not enter into any hedging transactions or even whether it intended to enter into such transactions.  Owens Corning had no duty to disclose that it might not do that which it was not obligated to do.

The Order of the Bankruptcy Judge will therefore be affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRICE MANAGEMENT CONTROL CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-1359 |
| | : | |
| OWENS CORNING | : | (Bankruptcy Case No. 00-3837) |

<u>ORDER</u>

AND NOW, this 28th day of July, 2005, IT IS ORDERED:

That the Order of Bankruptcy Judge Judith K. Fitzgerald dated October 7, 2004, granting summary judgment in favor of Owens Corning and against Price Management Control Corporation and ruling that Claim No. 6923 is disallowed and expunged in its entirety is AFFIRMED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.